Grafton, }
April 6, 1915. }

## DANIEL W. CAMPBELL v. ARTHUR MOONEY.

Where a divisional line is described in a deed as running "parallel with the south line" of a certain farm, the fact that a line approximately parallel and marked by a fence through a portion of its length had been recognized as the boundary by the adjoining owners for forty years warrants the conclusion that it was the one intended by the parties to the conveyance, rather than a mathematically parallel line established twenty years later.

TRESPASS *quare clausum*. The defendant pleaded title in one Murray. Trial by the court and verdict for the defendant. Facts found, and case transferred from the September term, 1914, of the superior court, by *Pike*, C. J.

The controversy relates to the location of the line between the plaintiff's and Murray's land. December 13, 1873, Nathaniel Shepard owned both tracts and on that day conveyed the land now owned by the plaintiff to one Arven, by deed which described the southerly boundary as extending from a point on a highway "easterly in a line parallel with the south line of the Sanborn farm." Ever since that date, the parties on both sides of the line have regarded and treated a line marked for a part of the way by a brush fence, and approximately parallel with the south line of the Sanborn farm, as the divisional line between the tracts. The plaintiff understood this to be the line when he bought in 1893, and in 1907

when he sold the standing timber. A line starting from the same point and running easterly exactly parallel with the south line of the Sanborn farm bears to the south of the brush fence line, and the plaintiff now claims to a line so run. In the deed to the plaintiff in 1893, and in the only other deed in the chain of title from Shepard, dated in 1875, the south line of the tract is described as in the deed from Shepard to Arven. Murray's title originated in a set-off against Shepard in October, 1875, in which the description of the north line of the tract set off corresponds with the line now claimed by the defendant.

The court found that the plaintiff's deed, read in the light of the surrounding facts, described the line claimed . by the defendant, and to this construction the plaintiff excepted.

*Clarence E. Hibbard* and *Edgar W. Smith* (by brief and orally), for the plaintiff.

*John H. Noonan* and *Martin & Howe* (*Mr. Howe* orally), for the defendant.

PARSONS, C. J. The material question is what line the parties in 1893, the date of the plaintiff's deed, understood to be described by the expression "thence easterly in a line parallel with the south line of the Sanborn farm." The facts that a line was then marked on the ground through more or less of its extent, and that for substantially forty years the parties on both sides of the line have recognized this as the dividing line between their tracts, justify the conclusion that in 1893 this was the line meant, rather than a line mathematically parallel with the south line of the Sanborn farm, which line was not run until twenty years later.

It is more probable that the parties meant the line which was marked and known, rather than an indefinite line not established upon the ground. *Hewyood* v. *Lumber Co.*, 70 N. H. 24, 31, 32. As the verdict is properly sustainable upon the ground on which it was placed, it is unnecessary to discuss other grounds suggested by the evidence which would compel the same result.

*Exception overruled.*

PLUMMER, J., did not sit: the others concurred.